UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-cv-21611-BLOOM/Valle

**PEDRO MERCADO and
LEOPOLD REDWAY,**

    Plaintiffs,

v.

**INTEGRITY CONSTRUCTION
GROUP, LLC,**

    Defendant.

_____/

## ORDER

**THIS CAUSE** came before the Court on Plaintffs, Pedro Mercado and Leopold Redway's Motion for Default Final Judgment ("Motion") [ECF No. 24], filed on June 30, 2014. A Clerk's Default [ECF No. 20] was entered against Defendant, Integrity Construction Group, LLC ("Integrity") on June 16, 2014, as Integrity failed to appear, answer, or otherwise plead to the Complaint [ECF No. 1], despite having been served. *See* Plaintiff's Motion for Clerk's Entry of Default [ECF No. 19]; Executed Return of Summons [ECF No. 18]. The Court has carefully considered the Motion, the record in this case, and the applicable law, and is otherwise fully advised in the premises.

Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint. "'[A] defendant's default does not in itself warrant the court entering a default judgment.'" *DirecTV, Inc. v. Huynh*, 318 F. Supp. 2d 1122, 1127 (M.D. Ala. 2004) (quoting *Nishimatsu*

*Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).  Granting a motion for default judgment is within the trial court's discretion.  *See Nishimatsu*, 515 F.2d at 1206.  Because the defendant is not held to admit facts that are not well pleaded or to admit conclusions of law, the court must first determine whether there is a sufficient basis in the pleading for the judgment to be entered.  *See id.*; *see also Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) ("[L]iability is well-pled in the complaint, and is therefore established by the entry of default . . . .").

If there are multiple defendants, plaintiff must state in the *Motion for Default Final Judgment* that there are no allegations of joint and several liability, and set forth the basis why there is no possibility of inconsistent liability.  Generally, if one defendant who is alleged to be jointly and severally liable with other defendants defaults, judgment should not be entered against that defendant until the matter is adjudicated against the remaining defendants.  *See* 10A Charles Alan Wright and Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2690 (3d ed. 1998) (citing *Frow v. De La Vega*, 82 U.S. 552, 554 (1872) ("[A] final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal.")).  "Even when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits."  *Gulf Coast Fans, Inc. v. Midwest Elecs. Imp., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984).

A review of Plaintiffs' submissions reveals that each claim brought against the defaulting Defendant, Integrity, is also brought against other corporate Defendant.  For instance, Plaintiffs' claim for violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, which forms the

basis for $14,085.00 claimed in damages is brought against "Defendants," without reference to what wages are attributable to each Defendant.  *See* ECF No. [24-3].

Similarly, the remaining claims against Integrity for breach of agreement, unjust enrichment, and violation of the Florida Minimum Wage Act, Fla. Stat. §§ 448 *et seq.*, are also brought against the non-defaulting Defendant, Bandes Construction Company, Inc. based on the same set of facts.  As a result, the defenses of the other Defendant to those claims will be "closely related" to those of Integrity, Wright & Miller, *supra*, § 2690, and a default judgment against Integrity would be inconsistent should the other Defendant prevail on those claims.  Moreover, as Plaintiffs' have not prevailed on an award of default judgment, their Motion for Attorneys' Fees [ECF No. 25] is premature.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion [ECF No. 24] is **DENIED** without prejudice.
2. Plaintiffs may move for the entry of default final judgment against Integrity on any particular count no later than fourteen (14) days after the claim is resolved with respect to the other Defendant against whom that count is also alleged.
3. Plaintiffs' Motion for Attorneys' Fees and Costs [ECF No. 25] is also **DENIED.**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 16th day of July, 2014.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:
Counsel of Record