UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-Civ-21622-BLOOM/Valle

PEDRO MERCADO, LEOPOLD
REDWAY, MARVIN RODRIGUEZ,
and LEVYS MORALES,

    Plaintiffs,

v.

INTEGRITY CONSTRUCTION
GROUP, LLC, and BANDES
CONSTRUCTION COMPANY, INC.,

    Defendants.
_____/

## ORDER

This matter is before the Court upon Plaintiffs' Motion for Conditional Certification and Facilitation of Court-Authorized Notice, ECF No. [31]. The Court has carefully considered the motion, all supporting and opposing filings, and the record in this case, and is otherwise fully advised in the premises. For the reasons that follow, the Court now **GRANTS** Plaintiff's Motion.

### I. INTRODUCTION

A Complaint in this matter was filed on behalf of two plaintiffs, Pedro Mercado and Leopold Redway, in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, alleging, *inter alia*, claims for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the Florida Minimum Wage Law, § 448 *et seq.*, Florida Statutes. *See* ECF No. [1-1]. The case was then removed to this Court on May 5, 2014. *See* ECF No. [1]. On July 11, 2014, Plaintiffs filed two notices of consent to join, adding Marvin

1

Rodriguez and Levys Morales as opt-in plaintiffs.[1]  *See* ECF Nos. [28] and [29].  Ultimately, Plaintiffs seek compensation for unpaid straight wages, overtime wages, and damages.  *See* ECF No. [1-1].

Plaintiffs allege they worked for Defendants, Integrity Construction Group, LLC ("Integrity") and Bandes Construction Company, Inc. ("Bandes") as construction workers.  ECF No. [1-1] at ¶ 9.  Not only do Plaintiffs contend that they were not paid the proper overtime rate for hours worked in excess of forty hours per week, but also that at certain points they received no compensation whatsoever.  *Id.* at ¶¶ 12-13.  Although the precise time period is unclear, Plaintiffs allege they worked for Defendants between May and June of 2013, participating in the construction of Wal-Mart Store No. 5912 in Goulds, Florida.  *See* ECF No. [31] at 2; ECF No. [33] at 2. During the construction, Bandes purportedly contracted with Integrity to provide assistance with the construction of this particular store.  *See* ECF No. [31] at 3.  According to Plaintiffs' Motion, during the construction of Store No. 5912 between March 2013 and September 2013, Defendants failed to pay workers proper straight compensation, as well as overtime compensation despite working in excess of forty hours per week, thereby exhibiting a willful disregard of the applicable wage laws.  *See* ECF No. [31].

On August 1, 2014, Plaintiffs filed this motion, seeking conditional certification of a collective action and facilitation of notice to members of the purported class.  *See id.*  In their motion, Plaintiffs assert that notice should be provided to all construction laborers who performed work on Store No. 5912 during the last three years.  Defendants oppose the motion, asserting that Plaintiffs have not met their burden under the applicable law, that Plaintiffs are not "similarly-situated," and that Plaintiffs are not employees of Defendant Bandes.  *See* ECF No.

---

[1] However, Plaintiffs have not sought amendment in order to add these parties as plaintiffs.

2

[33]. In the alternative, Defendants argue that Plaintiffs claims for conditional certification are too broad, and should be limited to those employees who worked for Integrity on the Store No. 5192 project. *Id.*

## **II. LEGAL STANDARD**

Under the FLSA, a plaintiff may bring a collective action on behalf of similarly-situated persons. *See* 29 U.S.C. § 216(b); *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1216 (11th Cir. 2001). This ability is not without limitation: prospective plaintiffs file a written consent in the court where the action is brought. *See* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."). In order to facilitate this requirement, district courts are granted discretionary power to authorize the sending of notice to potential class members. *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 171 (1989). However, notice should only be authorized in appropriate cases. *See Haynes v. Singer Co.*, 696 F.2d 884, 886 (11th Cir. 1983).

Initially, the Court must, at a minimum, satisfy itself that there are other employees who (1) are similarly situated with regard to their job requirements and pay provisions, and who (2) desire to opt into the case. *See Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1259 (11th Cir. 2008) (citing *Dybach v. Fla. Dep't of Corr.*, 942 F.2d 1562, 1567–68 (11th Cir. 1991)). Regarding the first requirement, the plaintiff bears the burden of proving that he and the class he seeks to represent are similarly situated. *See Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996). However, in making this determination regarding similarity, employees need not be identical. *See Morgan*, 551 F.3d at 1259-60 (citing *Grayson*, 79 F.3d at 1096). The Eleventh Circuit has elucidated a two-tiered approach to evaluate whether a plaintiff has demonstrated the

existence of a similarly-situated class, which recognizes distinct burdens at different stages of the litigation process. *See Cameron-Grant v. Maxim Healthcare Servs.*, 347 F.3d 1240, 1243 (11th Cir. 2003) (citing *Hipp*, 252 F.3d at 1218).

The first tier is referred to as the notice stage. *See id.* at 1243 n.2 (quoting *Hipp*, 252 F.3d at 1218).

> At the notice stage, the district court makes a decision — usually based only on the pleadings and any affidavits which have been submitted — whether notice of the action should be given to potential class members.
>
> Because the court has minimal evidence, *this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class*. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.

*Id.* (emphasis added). Under the "lenient" and "flexible" notification stage, the plaintiff must show a "reasonable basis for his claim that there are other similarly situated employees." *Morgan*, 551 F.3d at 1260-61. The second tier of analysis, re-examining the question of certification after discovery is complete, follows a motion for "decertification" by the defendant. *Cameron-Grant*, 347 F.3d at 1243.

> At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives — *i.e.* the original plaintiffs — proceed to trial on their individual claims.

*Id.* Under this requirement, a plaintiff must show there are employees who would opt in if given the opportunity to do so. *See Mackenzie v. Kindred Hosps. E., L.L.C.*, 276 F. Supp. 2d 1211, 1220 (M.D. Fla. 2003) ("[A] showing that others desire to opt-in must be made before notice is

authorized.") (citations omitted).  Based on this showing, a "district court should satisfy itself that there are other employees of the department-employer who desire to 'opt-in.'" *Dybach*, 942 F.2d at 1567.  Plaintiff must produce evidence demonstrating aggrieved individuals exist within the class he proposes.  *See Haynes*, 669 F.2d at 888.  If the plaintiff fails to satisfy this burden, it is incumbent on the Court to decline certification of a collective action so as to "avoid the 'stirring up' of litigation through unwarranted solicitation." *White v. Osmose, Inc.*, 204 F. Supp. 2d 1309, 1318 (M.D. Ala. 2002) (quoting *Brooks v. BellSouth Telecomm., Inc.*, 164 F.R.D. 561, 567 (N.D. Ala. 1995)).

It is through this lens that the Court now examines Plaintiff's motion -- whether there are other employees who are similarly situated with regard to their job requirements and pay provisions.  In determining whether to grant *conditional* certification, the Court need not address the second tier of the certification inquiry.  *See Morgan*, 551 F.3d at 1260-61 (noting that conditional certification only encompasses the first stage "since the decision may be reexamined once the case is ready for trial").

### III. ANALYSIS

Initially, Defendant Bandes[2] asserts that Plaintiffs were never employees of Bandes, but rather, that Plaintiffs were hired by Defendant Integrity, a drywall subcontractor on the project.  ECF No. [35] at 1-5.  In response to this contention, Plaintiffs appear to assert a theory of joint employment between Integrity and Bandes.  *See* ECF No. [34] at 2.  Plaintiffs have sworn, under penalty of perjury, that they were employees of Bandes and were provided Bandes identification badges.  *See* ECF Nos. [31-4], [31-5], [34-1], and [34-2].  As noted, the Court applies a "fairly

---

[2] Defendant Bandes[2] has been the only party to respond to the motion, as Integrity has seemingly failed to respond to the Complaint.  *See* ECF Nos. [18] and [30].

5

lenient standard" at the notice stage in determining whether the class should be conditionally certified. *Hipp*, 252 F.3d at 1218. The rationale for this is that "at the early stages of litigation, plaintiffs have not had time to conduct discovery and marshal their best evidence." *Davis v. Charoen Pokphand (USA), Inc.*, 303 F. Supp. 2d 1272, 1276 (M.D. Ala. 2004) (citing *Hipp*, 252 F.3d at 1218). Therefore, whether Plaintiffs are mistaken in their belief that they were actually employees of Bandes is not for the Court to ascertain at this juncture. Further discovery will permit Plaintiffs to verify whether Bandes may be considered their employer for FLSA purposes.

Second, Bandes contends that Plaintiffs are not similarly situated. The following factors are relevant to the determination of whether potential class members are similarly situated:

> (1) whether the plaintiffs all held the same job title; (2) whether they worked in the same geographic location; (3) whether the alleged violations occurred during the same time period; (4) whether the plaintiffs were subjected to the same policies and practices, and whether these policies and practices were established in the same manner and by the same decision-maker; and (5) the extent to which the actions which constitute the violations claimed by plaintiffs are similar.

*Echevarria v. Las Vegas Beach, Inc.*, 2010 WL 2179747, at *2 (S.D. Fla. June 1, 2010) (citation omitted). Plaintiffs allege that they were employed as "construction laborers" on the Store No. 5912 project. *See* ECF No. [1-1] at ¶ 9; *see also* ECF Nos. [31-4] (affidavit of Morales), [31-5] (affidavit of Rodriguez), and [34-1] (affidavit of Redway). While Plaintiffs' factual allegations are sparse, Plaintiffs have asserted the aforementioned factors, namely, Plaintiffs contend they were all construction laborers at the same location, for the same time period, and were subject to the same policies resulting in FLSA violations. *See Hipp*, 252 F.3d at 1218 (stating that the court decides motion for conditional certification "based only on the pleadings and any affidavits which have been submitted"). As a result, the Court concludes that Plaintiffs are similarly-

situated. *See Harper v. Lovett's Buffet, Inc.*, 185 F.R.D. 358, 363–65 (M.D. Ala. 1999) (denying conditional certification for company-wide class, but granting for smaller class of hourly-wage servers working at single restaurant in three years preceding filing of suit); *Tucker v. Labor Leasing, Inc.*, 872 F. Supp. 941, 948 (M.D. Fla. 1994) (granting conditional certification of a class of individuals working in clerical positions within single terminal). *Cf. Davis*, 303 F. Supp. 2d at 1278 (holding a class including "employees with very different job titles and responsibilities" was overly broad to establish other plaintiffs were similarly-situated).

However, Plaintiffs' purported class exceeds the scope of individuals who may be deemed similarly situated. Plaintiffs' proposed notice encompasses all "construction workers or laborers who during 2013 the present time [sic] were not paid their regular rates of pay." ECF No. [31-2]. The Court finds it appropriate to limit the scope of Plaintiffs' purported class to those individuals working on Wal-Mart Store No. 5912 in Goulds, Florida, in 2013. *See Echevarria*, 2010 WL 2179747, at *2 (noting that one of the requirements for finding plaintiffs to be "similarly situated" is that they "worked in the same geographic location . . . during the same time period"). Plaintiffs' notice shall be adjusted to reflect this modification.

## IV. CONCLUSION

Accordingly it is **ORDERED and ADJUDGED** as follows:

1. The Motion, **ECF No. [31]** is **GRANTED**. Plaintiffs are authorized to provide notice of this lawsuit to all individuals who worked on Wal-Mart Store No. 5912 in Goulds, Florida, during 2013, as construction laborers for Defendants that worked over 40 hours in a workweek, and that worked hours for which they were not paid.

2. Plaintiffs are **ORDERED** to modify their Notice form in accordance with the

       Court's instructions set forth herein.  Plaintiffs shall submit the modified form to opposing counsel and to the **Court no later than ten (10) days from the posting of this Order**, for approval before mailing it to the class of potential opt-in plaintiffs conditionally certified pursuant to this Order.

3. Within **twenty (20) days** of this Order, Defendants shall provide to Plaintiffs' counsel the names, addresses, dates of employment, and telephone numbers of all individuals who were employed by both Defendant Bandes Construction Company and Defendant Integrity Construction Group, LLC, or performed services on their behalf, at any time in 2013 on Wal-Mart Store No. 5912 in Goulds, Florida, and who were classified and/or described by Defendants as "construction worker(s)" or "laborer(s)."

4. After Plaintiffs' counsel receives all such information from Defendants, Plaintiffs' counsel is authorized to give notice to the individuals in the conditionally certified class and shall do so within a reasonable time from delivery.  The form of the notice ("Notice") and the associated consent to join ("Consent") shall be substantially in the forms to be submitted for this Court's approval.  Copies of the Notice and Consent shall be posted at Defendants' location and mailed on the same day via first-class U.S. Mail.  The mailing shall be at the sole cost and expense of Plaintiffs to all individuals disclosed by Defendants; the mail shall be dated with the date of mailing; and it shall allow each individual up to sixty (60) days from the date of mailing in which to return a completed Consent to Plaintiffs' counsel.  Upon mailing the Notice, Plaintiffs' counsel shall promptly file a notice of compliance with this part of the Court's Order.

5. Upon receipt of Consent from an opt-in plaintiff, Plaintiffs' counsel shall stamp the Consent with the date of receipt of the Consent. With regard to these duties, Plaintiffs' counsel shall be acting as Officers of the Court.

6. At the conclusion of the opt-in period, Plaintiffs' counsel shall file all of the Consents as a single filing with the Clerk of the Court.

**DONE and ORDERED** in Fort Lauderdale, Florida, this 3rd day of September, 2014.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record